West'n. District.
*Sept'r.* 1829.

ROUSSEAU&AL.
*vs.*
DAYSSON.

---

### MOORE vs. BROUSSARD.

APPEAL from the court of the fifth district, the judge of the court presiding.

MARTIN, J. delivered the opinion of the court. The defendant, sued as surety, pleaded the general issue, and that the plaintiff had discharged him by neglecting, for a very long time, to sue the principal. There was judgment for the plaintiff—the defendant appealed.

The plea of the general issue was disproved. The appellant relied on the 3032

The 3032 art. of the Louisiana Code, which provides that a prolongation of the term of payment granted to the principal debtor, without the consent of the surety, operates a discharge of the latter: applies to a case where the creditor merely suspends for a term, *his right of suing.*

The creditor, who has a surety, is not com-

West'n. District.
*Sept'r*. 1829.

MOORE
*vs.*
BROUSSARD.

pelled to *sue* his principal debtor.

article of the Louisiana Code, which provides, that the prolongation of the term granted to the principal debtor, without the consent of the surety, operates the discharge of the latter.

The prolongation of the term, suspending the right of suing, enables the debtor to resist the claim of the creditor, who, by granting the indulgence, deprives himself of the means of enabling the surety, by payment of the debt, to acquire the means of insisting on payment; nothing compels the creditor, who has a surety, to sue the principal debtor. The district court did not err.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.

*Bowen* and *Markham* for plaintiff. *Simon* for defendant.